Minshall, J.
This case, in addition to the questions presented in that of Haviland v. City of Columbus, and the validity of the statute, presents the question whether under the “Taylor Raw,” as amended, thes ame lot can be assessed for the improvement of two different streets or avenues, within the period of five years, in such amounts that the maximum assessment fixed by section2270, Revised Statutes, is exceeded. The facts, as averred in the petition are these: On March 26, 1888, an ordinance was adopted to improve Town street in front of Cherington’s lot, No. 18, and on October 29 his lot was assessed for the improvement the sum of $279.84. The assessed valuation of the lot for taxation was $240. On May 7, 1888, an ordinance was passed for the improvement of Ohio avenue, on which his lot lay lengthwise, and on December 17, 1888, it was assessed for this improvement by the foot front, amounting to $1,011.65. Section 2283, Revised Statutes, provides that “special assessments,'whether by the feet front or otherwise, shall be so restricted that the same territory shall not be assessed for making two different streets or avenues, within a period of five years, in such amounts that the maximum assessment therein provided will be thereby exceeded.” The limitation referred to is contained in section 2270, Revised Statutes, fixing the limit at 25 per centum of the value of the property as assessed for taxation. *476 The statute authorizes a city of the first grade, of the second class, to improve any of its streets or avenues in the mode and manner therein provided; and by the amendment of March 21, 1887, it is declared that section 2270 should not apply to any improvement “ ordained” under that act. It is then quite plain that the provisions of section 2283, relative to, and based upon, section 2270, are not applicable to the “Taylor Taw.”
But as the lot of the plaintiff in error is assessed by the front foot for the improvement on Ohio avenue, on which it abuts lengthwise, it is, for the reasons given in Haviland v. City of Columbus,
Reversed and remanded to the circuit court, with direction to overmle the demurrer to the petition, and for further proceedings in accordance with opinion in Haviland v. City of Columbus.